UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTWANN BAKER,

    Defendant.
_____/

Case No. 10-20513

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING DEFENDANT'S MOTIONS
TO VACATE (DOCS. 60, 69) PURSUANT TO 28 U.S.C. § 2255

Defendant Antwann Baker filed a motion to vacate sentence, as well as an amended motion, pursuant to 28 U.S.C. § 2255. Baker also seeks a copy of his sentencing transcript and the appointment of counsel. *See* Docs. 68, 74. For the reasons explained below, Baker's motions are denied.

BACKGROUND FACTS

Baker pleaded guilty to four counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and four counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On August 4, 2011, the court sentenced Baker to 420

months in prison; he did not appeal.  Baker filed his initial motion to vacate on June 6, 2016, and his amended motion on July 2, 2018.

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  This section contains a one-year statute of limitations. *Id.* at § 2255(f).  Relevant to this case, the one-year period begins to run on "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." *Id.* at § 2255(f)(1), (3).

Baker's motion to vacate is not timely under § 2255(f)(1), because it was filed almost four years after his judgment of conviction became final.  Therefore, the court must consider whether Baker's motion is timely pursuant to § 2255(f)(3).

Baker contends that he is entitled to relief based upon rights newly recognized by the Supreme Court in *United States v. Johnson,* 135 S.Ct. 2551 (2015) and *Dean v. United States,* 137 S.Ct. 1170 (2017). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. *See* 18 U.S.C. § 924(e)(2)(B) (definition of "violent felony" includes "conduct that presents a serious potential risk of physical injury to another"). Baker was not sentenced under the ACCA, but under 18 U.S.C. § 924(c). He argues that residual clause of § 924(c), like the residual clause of the ACCA, is unconstitutionally vague. *See* 18 U.S.C. § 924(c)(3)(B) (defining "crime of violence" as "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

Although the residual clauses of the ACCA and § 924(c) are similar, the Sixth Circuit has determined that "several factors distinguish the ACCA residual clause from § 924(c)(3)(B)." *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016). The Sixth Circuit concluded that the language of § 924(c)(3)(B) was "considerably narrower than the statute invalidated by the Court in *Johnson*" and that "*Johnson's* analysis does not apply to § 924(c)(3)(B)." *Id.* at 375-76. Based upon this reasoning, the court in *Taylor*

3

rejected the argument that the residual clause of § 924(c) was unconstitutionally vague under *Johnson*. As binding precedent, *Taylor* forecloses Baker's argument that the residual clause of § 924(c) is unconstitutionally vague based upon the rule announced in *Johnson.*

In addition, Baker's conviction under § 924(c) was not supported solely by the residual clause, § 924(c)(3)(B), but also by the force clause, § 924(c)(3)(A). Liability for a crime of violence under § 924(c)(3) attaches where the predicate offense is a felony and

> (A) has as an element the use, attempted use or threatened use of physical force against the person or property of another, [force clause] or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [residual clause].

18 U.S.C. § 924(c)(3). The predicate offenses here were Hobbs Act robberies, which qualify as crimes of violence under the force clause, § 924(c)(3)(A). *United States v. Gooch*, 850 F.3d 285, 290-92 (6th Cir. 2017) ("We join our sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence."). *See also United States v. Richardson*, 906 F.3d 417, 425-26 (6th Cir. 2018) ("Any offense that constitutes a crime of violence under either the residual clause *or* the force clause is sufficient to sustain a conviction under § 924(c)."). Accordingly, even if *Johnson* applied to invalidate the residual clause in § 924(c)(3)(B), the force clause in §

4

924(c)(3)(A) remains valid and supports Baker's conviction.

Baker contends that he is also entitled to relief under *Dean v. United States,* 137 S.Ct. 1170 (2017), in which the Supreme Court held that district courts may consider any mandatory minimum imposed by § 924(c) when calculating the sentence for the predicate offense. In *Dean*, the Court emphasized that the district court had the discretion to impose a relatively light consecutive sentence for the predicate offense of robbery (one day) in light of the lengthy mandatory minimum (thirty years) imposed under § 924(c). *Id.* at 1176-77. Baker argues that in light of *Dean*, the court should resentence him.

*Dean* does not provide relief for Defendant, however, because it did not announce a newly recognized right that was made retroactive on collateral review. *See United States v. Harper*, 2018 WL 783100 at *1-2 (E.D. Mich. Feb. 8, 2018); *United States v. Clark*, 2018 WL 3207975 at *2-4 (E.D. Mich. June 29, 2018). Because *Dean* was not made retroactive on collateral review, it cannot serve as a basis for a timely motion to vacate under § 2255(f)(3).

Baker has requested a copy of his sentencing transcript and the appointment of counsel. Because it is clear as a matter of law that Baker is not entitled to relief, the court will deny these requests. The court may

5

appoint counsel for those seeking relief under § 2255 when the "interests of justice so require." 18 U.S.C. § 3006A. The court finds that the interests of justice would not be served by the appointment of counsel, as Defendant has failed raise a meritorious issue.

ORDER

IT IS HEREBY ORDERED that Defendant's motions to vacate sentence (Docs. 60, 69) are DENIED.

IT IS FURTHER ORDERED that Defendant's requests for his sentencing transcript and appointment of counsel (Docs. 68, 74) are DENIED.

The court declines to issue a certificate of appealability, because Defendant has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

Dated: February 13, 2019         s/George Caram Steeh
                                 GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

CERTIFICATION OF SERVICE

I hereby certify that on this date a copy of the forgoing Order was served upon attorneys of record and Antwann Baker 44898-039, Mendota FCI, PO Box 9, Mendota, CA 93640 by electronic means or first class U.S. mail.

s/Marcia Beauchemin, Case Manager